IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **ALLEN SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00416 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RED ONION STATE PRISON, ET AL,** | ) | By: James P. Jones |
| | ) | Senior United States District Judge |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Allen Smith, Pro Se Plaintiff.*

Allen Smith, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he is entitled to receive a sex change. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim against the defendants Smith has named.

Smith is confined at Red Onion State Prison ("Red Onion"). He alleges that under unspecified laws and Virginia Department of Corrections ("VDOC") policies, an inmate who completes at least three years of hormone therapy may undergo a sex change procedure. Smith asserts that he has completed four years of hormone therapy, but the mental health department at Red Onion is refusing the sex change procedure that he desires. As relief, Smith seeks to receive the sex change.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). This rule also applies "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70 (citation omitted). Because Red Onion and its mental health department are properly considered arms of the Commonwealth of Virginia, these entities cannot be sued under § 1983. Because Smith's § 1983 claims cannot proceed against the only defendants he has named, I will summarily dismiss the action without prejudice under § 1997e(c)(1) as legally frivolous.[1] Such a dismissal leaves Smith free to refile

---

[1] I also note that Smith has admitted in recent submissions that he did not exhaust administrative remedies regarding all of his claims before filing this lawsuit, as required under 42 U.S.C. § 1997e(a). The Supreme Court has held, however, that through § 1997e(a), "Congress has mandated exhaustion clearly enough, regardless of the relief

his claim in a new and separate civil action if he can correct the deficiencies described in this opinion.

A separate Final Order will be entered herewith.

DATED: August 30, 2021

/s/  James P. Jones
Senior United States District Judge

---

offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). Thus, Smith's failure to exhaust administrative remedies before filing this lawsuit provides an additional ground for dismissal of this action without prejudice.